(No. 3904— )

With leave to present additional evidence.

ERNEST C. CARLS BY MRS. MARJORIE VAN STONE CARLS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1945.*

*Claimant, pro se.*

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

FISHER, C. J.

Claim was filed April 10, 1945 for Eight Hundred Eight Dollars and Twenty-seven Cents ($808.27) under the provisions of Chapter 23, Section 372(a) Illinois Revised Statutes 1943, which reads as follows:

"Whenever a claim is filed with the Department of Public Welfare for payment of damages to property, or for damages resulting from property being stolen, heretofore or hereafter caused by an inmate who has escaped from a charitable institution over which the State of Illinois has control while he was at liberty after his escape, the Department of Public Welfare shall conduct an investigation to determine the cause, nature and extent of the damages inflicted and if it be found after investigation that the damage was caused by one who had been an inmate of such institution and had escaped, the said Department may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have power to hear and determine such claims."

Claimant alleges that Alfred Bartosik, John Brant, Wesley Beaty, Vincent Litwicki, Walter Racinowski and Thomas Thario escaped from the Illinois State Training School for Boys at St. Charles, Illinois, on July 12, 1944. On the night of July 12th or 13th a 1941 Nash Sedan Automobile belonging to Ernest C. Carls was stolen from a locked garage. The same night the said automobile was wrecked and the six named escapees were apprehended at the time of the wreck by Deputy Sheriff Harry Crawford of Kane County.

As a result of the theft and wrecking of the said automobile, claimant sustained damages in the amount of $808.27. The Department of Public Welfare on March 14, 1945, filed herein a report and recommendation, as follows:

"Having been presented with a claim for damages to an automobile filed by the above claimant, the Department of Public Welfare, pursuant to Section 372a of the Charities Act relating to claims for damages by inmates of charitable institutions, has investigated the allegations set forth and reports as follows:

*From the information thus obtained it appears—*

1. THAT the above named Ernest C. Carls and Marjorie Van Stone Carls bear the legal relationship of husband and wife and that the said Ernest C. Carls entered the service of the United States, February 13, 1942, having last been reported to be in New Guinea.

2. THAT Ernest C. Carls on or about November 11, 1940 in consideration of a purchase price of Twelve Hundred and Fifty Dollars |$125.00) purchased from Art's Garage, Sycamore, Illinois, one automobile described as a '41 Nash Six Sedan, Motor No. 357235. Registration (license No. 842-786) shows title to be in Ernest C. Carls, 132 Fabian Street, Sycamore, Illinois, subject to a lien given the Sycamore Finance Company in the sum of $750.00.

3. THAT, since Ernest C. Carls entered the service of his country, his wife, Mrs. Marjorie Van Stone Carls has had the custody and keeping of the above described automobile at Virgil, Illinois, where she has been living with relatives.

4. THAT on or about the night of July 12-13, 1944, said described automobile was in a locked garage, when it was stolen and subsequently wrecked, entrance into the garage having been gained by breaking a large window.

5. THAT, although there were no known outside witnesses to the theft, six boys were apprehended at the actual time of wrecking of the herein described automobile by Deputy Harry Crawford of the Kane County Sheriff's office. The said six boys were identified as follows:

Alfred Bartosik, John Brant, Wesley Beaty, Vincent Litwicki, Walter Racinowski, Thomas Thario, all of whom were at liberty after having escaped from the St. Charles School for Boys, July 12, 1944.

6. THAT, because of said theft and wrecking of said automobile, damages resulted for which claim is presented in the amount of $808.27, based upon items listed in:

(a) Invoice of Leader Oil Company, Virgil, Illinois. (Copy attached under the caption Exhibit "A")............ $ 47.06

(b) Estimate obtained from Van's Garage, Virgil, Illinois. (Copy attached under the caption Exhibit "B")...... 90.90

(c) Estimate obtained from Harkers Body Shop, Aurora, Illinois. (Copy attached under the caption Exhibit "C") .......................................... 670.31

7. After a careful consideration of the facts presented and it appearing the damages herein mentioned arose through no fault of claimant, but did result from the wilful acts of the boys named, who had been inmates of the Illinois State Training School for Boys, at St. Charles, Illinois, a charitable institution over which the State of Illinois has control and while they were at liberty after having escaped from said institution, IT IS HEREBY RECOMMENDED that an award be made to claimant in the amount for which claim is presented, to-wit: Eight Hundred and Eight and 27/100 Dollars (808.27), representing the aggregate of items listed in EXHIBITS "A", "B", AND "C".

Respectfully submitted,

DEPARTMENT OF PUBLIC WELFARE

By RODNEY H. BRANDON, *Director.*

The record consists of the following:

Statement of Claim.
Stipulation of Facts.
Statement, Brief and Argument by the Attorney General on behalf of Respondent.
Waiver of Statement, Brief and Argument by Claimant.
Departmental Report.

From the report of the Department of Public Welfare it appears that the automobile belonging to claimant was subject to a lien given on November 11, 1940 to

the Sycamore Finance Company in the sum of Seven Hundred Fifty Dollars ($750.00) at which time the automobile was purchased by claimant. It does not appear from the record that this lien of $750.00 has been paid or otherwise satisfied, and we must assume that it remains a valid lien for such sum.

This claim is based entirely upon estimates necessary to repair the damaged automobile and, while these estimates appear to be reasonable, no award can be made until the repairs are actually made and paid for, or a release of the said lien is obtained. Until such release is obtained, the Sycamore Finance Company could very well be an ''injured party'' and entitled to share to the extent of its interest in any award which might be made herein.

For the reason stated, an award must be denied, and an order is entered herein giving claimant sixty (60) days to present such additional evidence as indicated herein to be required. In the event of claimant's failure to so produce such additional evidence, the claim will stand dismissed as of the date of this order.

<hr />

(No. 3904—Claimant awarded $808.27.)

*Supplemental Opinion filed November 13, 1945.*

FISHER, C. J.

Subsequent to our original Opinion filed herein at the September 1945 term of this Court claimant, in accordance with leave granted, has filed additional evidence which we indicated was required before the rights of the parties could be determined.

The record now consists of the following: Statement of Claim, Report and Recommendation of the Department of Public Welfare, Statement, Brief and Argument

on behalf of Respondent, Receipt for payment in full of lien to Sycamore Finance Company, Paid Voucher for repairs, and Stipulation of Facts.

The facts in this claim are fully set forth in our original Opinion.

The Department of Public Welfare, in accordance with Chapter 23 of Section 372(a) Illinois Revised Statutes 1943, made an investigation of this claim and found the facts as alleged by claimant to be true. The Department found the damages to claimant's car were caused by inmates who had escaped from the Illinois State Training School for Boys at St. Charles, Illinois, which is a state charitable institution.

The Attorney General, in a brief and argument filed herein, concludes that "The report of the Department and the sworn statement of the claimant are in complete agreement as to the facts, and the Department has recommended that an award be made. The charges for the damage done to the automobile in the possession of the claimant are itemized fully and appear to be reasonable in every respect. As the procedure outlined by the statute has been followed in detail and there is no disagreement as to the facts, it appears that the claimant is entitled to an award in the amount of $808.27."

An award is entered in favor of claimant, ERNEST C. CARLS, in the sum of Eight Hundred Eight and 27/100 Dollars ($808.27).